**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DEBRA PISAURO,

    Plaintiff,

v.

                              Case No. 1:20-cv-06008

OPTIO SOLUTIONS LLC D/B/A
QUALIA COLLECTION SERVICES,

    Defendant.

## COMPLAINT

**NOW COMES** Plaintiff, DEBRA PISAURO, through undersigned counsel, complaining of Defendant, OPTIO SOLUTIONS LLC D/B/A QUALIA COLLECTION SERVICES, as follows:

### NATURE OF THE ACTION

1.    This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4.    DEBRA PISAURO ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 3056 Long Common Parkway, Elgin, Illinois 60124.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    OPTIO SOLUTIONS LLC D/B/A QUALIA COLLECTION SERVICES ("Defendant") is a limited liability company and existing under the laws of the state of Delaware.

1

7. Defendant maintains a principal place of business at 1444 North McDowell Boulevard, Petaluma, California 94954.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff applied for a Von Maur charge account.

11. Upon approval, Von Maur issued Plaintiff a charge card.

12. Plaintiff activated this card and began using her card for personal and household purchases.

13. Over time, Plaintiff made $1,110.01 in charges to this card.

14. Plaintiff's $1,110.01 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. However, Plaintiff's financial situation changed, Plaintiff defaulted on payments, and Plaintiff's $1,110.01 balance was charged-off.

16. "Charge-off" is an accounting procedure by which a receivable – such as the amount owed to a creditor on a loan – is deemed sufficiently unlikely to be paid that the creditor can no longer represent the receivable as an asset and, for an accrual-based taxpayer, all or a portion of the amount charged-off may be treated as a loss for which the creditor receives a deduction for purposes of determining the creditor's federal income taxes. *See*, Victoria J. Haneman, *The Ethical Exploitation of the Underrepresented Consumer*, 763 Mo. L. Rev. 707, 713-14 (2008).

2

17.     Federal regulations require banks to send periodic statements on all accounts, including defaulted accounts, for any period during which interest or fees are charged on the account.  12 C.F.R. § 1026.5(b)(2).

18.     Von Maur chose to stop sending periodic statements after Plaintiff's account was "charged off."

19.     This business decision reflected a conscious decision to forego interest rather than continue to pay for periodic statements.

20.     Once the debt was "charged off," its balance remained static and unchanging.

21.     On or before September 28, 2020, Plaintiff's $1,110.01 balance was referred for collection.

22.     Defendant mailed Plaintiff a letter, dated September 28, 2020 (the "Letter"), which stated:

| ACCOUNT SUMMARY | |
|---|---|
| Creditor to Whom the Debt is Owed: | Von Maur Inc. |
| Agency Account #: | 3716132 |
| Principal: | $1,110.01 |
| Fees: | $0.00 |
| Interest: | $0.00 |
| Balance Due: | $1,110.01 |

Dear DEBRA PISAURO:

Your account has been assigned to our agency by Von Maur Inc for collection.  To resolve this matter, please send your payment using the attached remittance form. In addition, payments may be made online at www.payQCS.com, or by phone at 855-610-6132.

If you cannot pay the entire amount, please call the telephone number below to make arrangements to pay.

855-610-6132

**THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment against you and have such verification or judgment mailed to you.  If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

23.    The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

24.    The Letter is the "initial written communication" as required by 15 U.S.C. § 1692g.

25.    Plaintiff believed that the Letter's statement that she owed "$0.00" in fees and interest indicated that such amounts would begin to accrue if she did not pay the debt immediately.

26.    In fact, however, Defendant was not allowed to assess fees or interest on Plaintiff's account, so no such amounts could possibly accrue.

27.    The Letter suggested that fees and interest would begin to accrue in an attempt to coerce Plaintiff to pay the debt in full, and quickly, because if she did not do so her balance would increase.

## DAMAGES

28.    Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

29.    To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); see also O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

30.     The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

31.     The value of receiving truthful information about one's financial affairs – and the ill effects of receiving deceptive or misleading information – may be hard to quantify, especially where, as here, Plaintiff did not act upon the misinformation.  But being lied to in violation of an anti-trickery statute like the FDCPA is a concrete harm nevertheless.

32.     Here, the Letter misled Plaintiff into believing that Plaintiff's account balance will continue to increase if she did not pay the debt immediately.

33.     Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

34.     All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

35.     Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

36.     The Letter violates 15 U.S.C. § 1692e by falsely implying that fees and interest could be added to Plaintiff's $1,110.01 balance by including column headers that included fees and

5

interest with zero balances in the Letter, when in fact, Defendant was not permitted to assess fees and interest.

37.     The Letter would lead an unsophisticated consumer to believe that fees and interest could accrue on the charged-off debt.

38.     Although fees and interest were not accumulating on the debt at the time the Letter was sent or at the time the debt was with Defendant, the Letter nevertheless created the false impression that fees or interest could or would accrue if Plaintiff did not pay the $1,110.01 balance immediately.

39.     The Letter is materially deceptive or misleading to an unsophisticated consumer as is can cause a consumer to conclude that the amount due is not static, but instead, could increase, materially affecting the decision of an unsophisticated consumer whether to pay the debt because, with limited resources and the inability to pay all of their debts, such a consumer would rationally pay a debt with a balance that was increasing due to fees and interest before paying an otherwise identical debt with a static balance.

40.     Plaintiff may enforce the provisions of 15 U.S.C. § 1692e pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

        (A)     in the case of any action by an individual, such additional damages
                as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the
        costs of the action, together with reasonable attorney's fees as determined
        by the court.

6

**WHEREFORE**, Plaintiff requests the following relief:

A.      a finding that Defendant violated 15 U.S.C. § 1692e;

B.      an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.      an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.      an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.      an award of such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: October 8, 2020                    Respectfully submitted,

**DEBRA PISAURO**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com